IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| | : Cr. A. No. 12-17-LPS |
| v. | : |
| COSBURN WEDDERBURN, | : |
| Defendant. | : |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, and David L. Hall and Edward J. McAndrew, Assistant United States Attorneys, and Dennis Boyle, Esquire, attorney for the defendant, Cosburn Wedderburn, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to a one-count criminal information, waiving venue and waiving prosecution by indictment, charging him with Conspiracy to Commit Criminal Copyright Infringement, in violation of 17 U.S.C. § 506(a)(1)(A); 18 U.S.C. § 2319(a) and (b)(1); all in violation of 18 U.S.C. §§ 371 and 2.

2. The maximum penalty for the one count information is: five years of incarceration; the greater of $250,000 fine or twice the gain/loss; three years of Supervised Release; $100 Special Assessment.

3. The essential elements of the crime of Conspiracy to Commit Criminal Copyright Infringement, in violation of 17 U.S.C. § 506(a)(1)(A); 18 U.S.C. § 2319(a) and (b)(1); all in violation of 18 U.S.C. §§ 371 and 2, are as follows:

1

a) That two or more persons agreed to commit an offense against the United States, in this case criminal infringement of copyright;

b) the defendant was party to or a member of that agreement;

c) the defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective;

d) that at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement;

e) the defendant, during a 180-day period, conspired to reproduce or distribute 10 or more copies of one or more copyrighted works which have a total retail value of more than $2,500;

f) the defendant's overt act of infringement was for the purpose of commercial advantage or private financial gain; and

g) the defendant acted willfully.

4. The defendant knowingly, voluntarily, and intelligently admits all the facts alleged in the Information. The defendant stipulates and agrees that the conduct set forth in the Information is attributable to him at sentencing as relevant conduct pursuant to Guidelines Section 1B1.3. Moreover, the defendant further stipulates and agrees that a loss of approximately $1 million was reasonably foreseeable by the defendant as a consequence of his conduct, pursuant to Guidelines Section 2B1.1, and that this loss should be used as the infringement amount pursuant to Guidelines Section 2B5.3(b)(1)(B).

5. The defendant understands that the District Court must consider the United States

Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. Based on the defendant's actions to date, the United States agrees that the Court should grant a three-level reduction in the base offense level for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States so agrees because the defendant has timely notified the authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Should the defendant perform any act inconsistent with affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1 subsequent to the entry of the guilty plea, the government reserves the right to modify its position on this issue.

7. In order to facilitate the collection of financial obligations, including restitution, to be imposed in connection with this prosecution:

    a. The defendant agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party. No later than two weeks subsequent to the entry of his guilty plea in this case, the defendant will submit a completed sworn financial statement ("Financial Statement") to the government, through his undersigned counsel, in a form the

3

government provides and as it directs. No later than two weeks prior to the sentencing hearing in this case, the defendant will provide to the government, through its undersigned counsel, any supporting documentation in the defendant's possession, custody, or control (including banking and brokerage records) for the disclosures set forth in the Financial Statement, as directed by counsel for the government. The defendant also agrees to provide and/or consent to the release of the defendant's federal and state tax returns for the tax years 2009-2011. The defendant promises that his Financial Statement, disclosures, and supporting documentation will be complete, accurate, timely and truthful.

    b. Should the defendant fail to provide complete, accurate, timely and truthful financial information as set forth above, the government, in its sole discretion, may deem such conduct inconsistent with the acceptance of responsibility and may, in its sole discretion, do any or all of the following: (i) oppose any reduction in the defendant's Offense Level, pursuant to Sentencing Guideline Section 3E1.1(b); (ii) file a motion for upward variance from the otherwise applicable Sentencing Guideline range; (iii) seek an order compelling production of the financial information; and/or (iv) void this Agreement.

8. Upon conviction of the offense alleged in the Information, the defendant shall forfeit to the United States pursuant to Title 17, United States Code, Sections 506(b) and 509(a); and Title 18, United States Code, Sections 981(b) and 2323(b), all copies manufactured, reproduced, distributed, sold, or otherwise used, intended for use, or possessed with intent to use in violation of the offense under Section 506(a), and all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, and all electronic, mechanical, and other devices for manufacturing, reproducing, and assembling such copies, and any property used, or intended to be used in any manner or part, to commit or facilitate the commission of the offense of conviction.

9. Pursuant to Title 17, United States Code, Sections 506(b) and 509(a); and Title 18, United States Code, Sections 981(b) and 2323(b), upon conviction of an offense alleged in the Information, the defendant shall forfeit to the United States any property, real or personal, which was used to facilitate the offense of conviction or which constitutes or is derived from proceeds traceable to the offense of conviction.

10. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) (as

incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c)).

11. The defendant agrees to cooperate fully and truthfully with the Government as follows:

   a. The defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

   b. The defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Information of which he has knowledge, and any other crimes about which he has knowledge. The defendant further understands and agrees that (i) all information and cooperation provided pursuant to this agreement is on the record; and (ii) all information provided under any prior off-the-record proffer letter shall be on the record as of the date of the defendant's entry of a guilty plea.

   c. The defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

   d. The defendant agrees to testify truthfully at any Grand Jury, hearing, or trial when called as a witness.

   e. The defendant agrees to hold himself reasonably available for any interviews as the Government may require.

   f. The defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

   g. The defendant understands that his cooperation shall be provided to any governmental agency in the discretion of counsel for the Government.

      h.    To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until his cooperation is complete.

      i.    The defendant agrees and understands that this agreement requires that his cooperation may continue even after the time that the defendant is sentenced. Failure to continue to cooperate after sentence is imposed shall be grounds to void this agreement.

      j.    The defendant agrees that if the Government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime, between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the Government and the defendant shall be subject to prosecution for any federal crime which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offense arising from this investigation. The prosecution may be based on any information provided by the defendant during the course of his cooperation, and this information may be used as evidence against him. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

12.    If the Government in its sole discretion determines that the defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the Government will:

      a.    Make the nature and extent of the defendant's cooperation known to the Court.

      b.    Make a motion to depart from the Sentencing Guidelines pursuant to

Sentencing Guideline §5K1.1, only if the Government, in its sole discretion, determines that the defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that as of the date of this agreement, no determination has been made as to the defendant's eligibility for a substantial assistance motion. The defendant further understands that the Government in its sole discretion will decide whether and how to investigate any information provided by him. The defendant further understands that if he breaches this plea agreement in any way, including by committing a new crime after the date of this agreement, the Government may refuse to file a substantial assistance motion.

    c.    Make whatever sentencing recommendation the Government deems appropriate.

13.    The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

14.    The defendant understands that if his statements made to the Government before the date of this agreement are untruthful in any material way this agreement is violated and becomes voidable in the sole discretion of the government.

15.    The defendant agrees to pay the $100 special assessment at the time of sentencing.

16.    If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

17. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

18. It is further agreed by the undersigned parties that this Memorandum does not bind any other United States Attorney's Office or any other agency of the government.

19. The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. § 2255 – except that the defendant reserves his right to appeal only if: (1) the government appeals from the sentence, (2) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (3) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

20. It is further agreed by the undersigned parties that this Memorandum constitutes the entire agreement between the parties and supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises,

representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

Dated: 18 APR 12

CHARLES M. OBERLY, III
United States Attorney

_____
Dennis Boyle, Esquire
Attorney for Defendant

BY: _____
David L. Hall
Edward J. McAndrew
Assistant United States Attorneys

_____
Cosburn Wedderburn
Defendant

**AND NOW** this 18th day of April, 2012, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
Honorable Leonard P. Stark
United States District Judge

10