## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **NO.: 12-17-LPS** |
| **v.** : | |
| : | **JUDGE STARK** |
| **COSBURN WEDDERBURN** : | |

### DEFENDANT'S SENTENCING MEMORANDUM

**BOYLE LITIGATION**

**Dennis E. Boyle, Esquire**
Supreme Court I.D. No. 49618
4660 Trindle Road, Suite 200
Camp Hill, PA 17011
Phone: (717) 737-2430
Fax: (717) 737-2452
Email: deboyle@boylelitigation.com

Counsel For: Cosburn Wedderburn

Dated: August 26, 2013

**TABLE OF CONTENTS**

**Page:**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

I.     STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.     Procedural History:. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        B.     Factual History. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    SENTENCING ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.     A probationary sentence is sufficient but not greater than necessary to satisfy the goals of sentencing and the § 3553(a) factors.. . . . . . . . . . . . . . . . . . . . 5

        B.     Downward Departure Should Be Given Under 5K1.1 for Substantial Assistance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

**Statutes:**                                                                                    **Page(s):**

18 U.S.C. § 3553(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3-6, 9

18 U.S.C. § 3553(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

18 U.S.C. § 3553(a)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Cases:**

*Gall v. United States*, 128 S.Ct. 586 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Rita v. United States*, 127 S.Ct. 2456 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States. v. Chase*, 560 F. 3d 828 (8th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Fumo*, Nos. 09-3388, 09-3389, 33-34 (3d Cir. Aug. 23, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Gall*, 446 F.3d 884, 889 (8th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Tomko*, 562 F. 3d 558, 567 (3d Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Wright*, 642 F. 3d 148, 152 (3d Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . 3

**U.S. Sentencing Guidelines:**

U.S.S.G. §5K1.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Other Authorities:**

U.S.S.C., *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, at 12, http://www.ussc.gov/Research/Research_Publica-tons/Recidivism/200405_Recidivism_Criminal_History.pdf). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**AND NOW** comes the Defendant, Cosburn Wedderburn, by and through his counsel, Dennis E. Boyle, Esquire, and hereby submits the following Memorandum for sentencing. In accordance with 18 U.S.C. § 3553(a), it is believed that a sentence of probation would be sufficient to satisfy the purposes of sentencing and Section 3553(a).

**I.      STATEMENT OF THE CASE:**

    **A.      Procedural History:**

On March 14, 2012, the Government filed a one count Information charging Cosburn Wedderburn with conspiracy to commit copyright infringement. On March 18, 2012, Mr. Wedderburn waived Indictment and plead guilty to the Information. Sentencing in this case is scheduled for September 4, 2013.

    **B.      Factual History:**

Mr. Wedderburn generally accepts the factual allegations contained in paragraphs 15 through 51 of the Pre-Sentence Report ("PSR"). In terms of basic factual history, in or about 2008, Mr. Wedderburn was an electrical engineer for NASA, while operating his own computer engineering business on the side. From 2008 through 2010, Mr. Wedderburn purchased pirated software programs from Xiang Li to help him obtain and complete contracts for his new business. The software programs were emailed to Mr. Wedderburn in compressed files. Some of the illegal files were corrupted and did not contain all aspects of the valid software; however, the illegal software was generally the same as the original programs.

In total, Mr. Wedderburn made twelve purchases, obtaining pirated software whose value, if purchased legally through authorized distributors, would have been worth approximately $1 million.

**II.     SENTENCING ARGUMENT**:

"In sentencing a defendant, district courts follow a three-step process:  At step one, the court calculates the applicable [Sentencing] Guideline [("Guidelines")] range, which includes the application of any sentencing enhancements." *United States v. Fumo*, Nos. 09-3388, 09-3389, 33-34 (3d Cir. Aug. 23, 2011) (quoting *United States  v. Wright*, 642 F. 3d 148, 152 (3d Cir. 2011) (citing *United States v. Tomko*, 562 F. 3d 558, 567 (3d Cir. 2009)).  "At step two, the court considers any motions for departure and, if granted, states how the departure affects the Guidelines calculation."[1] *Id*.  "At step three, the court considers the recommended Guidelines range together with the statutory factors listed in 18 U.S.C. § 3553(a) and determines the appropriate sentence which may vary upward or downward from the range suggested by the Guidelines." *Id.*

The Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005) made the Guideline sentencing range a required consideration but also "permits the court to tailor the sentence in light of other statutory concern as well." *Booker*, 125 S.Ct. At 757.  In determining what sentence is appropriate, the district court must consider those factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3553(a) provides that the Court ". . . shall impose a sentence that is sufficient but not greater than necessary" to achieve Congress's specific sentencing purposes listed in § 3553(a)(2). The statute includes seven factors for the Court to consider: (1) the nature and circumstances of the offense; (2) the need for the sentence imposed to provide respect for the law; (3) the kinds of

---

[1] The U.S. Third Circuit Court of Appeals held that a sentencing judge, to ensure effective appellate review, must identify a departure range and not just set a term of imprisonment. *Fumo*, No. 09-3388, 09-3389 at 33-35.

sentences available; (4) the sentencing guideline range; (5) any pertinent sentencing policy; (6) the need to avoid unwarranted sentencing disputes; and (7) the need for restitution of any victims of the offense. *Id.*

In addition to setting out the factors that the sentencing court must consider, § 3553(a) requires the sentencing court to "impose a sentence sufficient to, but not greater than necessary," to achieve Congress's specific sentencing purposes listed in § 3553(a)(2): to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2); *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007); *Rita v. United States*, 127 S.Ct. 2456 (2007).

In *Gall v. United States*, 128 S.Ct. 586 (2007), the Supreme Court determined that no extraordinary circumstances must exist for a sentencing court to depart from the guidelines. After pleading guilty to a drug-trafficking charge, Gall faced a guideline sentence of 30-37 months. 128 S.Ct. at 592-93. The district court imposed a probationary sentence after considering several § 3553(a) factors, including age, voluntary withdrawal from the charged conspiracy, familial support, and apparent pre-indictment rehabilitation. The court of appeals vacated the judgement, stressing that the sentence was a "100% downward variance" from the guideline sentencing range. *Id.* at 594 (quoting *United States v. Gall*, 446 F.3d 884, 889 (8th Cir. 2006)). The Supreme Court reversed, stating "[w]e find it uncontroversial that a major departure should be supported by a more significant justification than a minor one." *Id.* at 597. The Court acknowledged that the guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands

of individual sentencing decisions," and therefore deserve some weight in the sentencing decision. *Id.* at 594. Yet, the Court also made clear that courts of appeals must grant district courts wide latitude in making individualized sentencing determinations, thus guarding against the institutionalization of an impermissible presumption that outside-the-range sentences are unreasonable. *Id*. at 595.

    **A.**    **A probationary sentence is sufficient but not greater than necessary to satisfy the goals of sentencing and the § 3553(a) factors.**

In this case, the appropriate sentencing guideline range is 37-46 months. However, a probationary sentence would satisfy all of the § 3553(a) factors, and a review of the offense conduct, combined with Mr. Wedderburn's personal characteristics, indicate that all sentencing goals can be satisfied with a sentence of probation.

The circumstance of this case, Mr. Weddernburn's characteristics, and the need to avoid unwarranted sentencing disparities demonstrate that a sentence of probation is sufficient but not greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). Under the statute, the Court should consider several factors in determining an appropriate sentence, including "the nature and circumstances of the offense," the history and characteristics of the defendant," and "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." The Court must impose a sentence that is sufficient, but not greater than necessary to achieve the sentencing purposes, including "to reflect the seriousness of the offense," to promote respect for the law," "to protect the public from further crimes of the

defendant." 18 U.S.C. § 3553(a). Additionally, when considering a variance, sentencing courts are not subject to guideline departure analysis. *See U.S. v. Chase*, 560 F. 3d 828 (8th Cir. 2009).

Mr. Wedderburn pled guilty to Count 1, conspiracy to commit criminal copyright infringement. As reflected in the PSR, Mr. Wedderburn has no criminal history points. Mr. Wedderburn has strong family and community support and encouragement, as evidenced by the character letters attached to this Memorandum as Exhibit "A." Mr. Wedderburn's friends and family unanimously consider him dependable and kind-hearted. Mr. Wedderburn has a son, who is almost three years old. Mr. Wedderburn has joint custody of his son, and he plays an active role in his son's life. Mr. Wedderburn also takes an active role in his niece's life, and serves as her father-figure.

Mr. Wedderburn has also maintained employment since his arrest and conviction. In early 2013 he accepted contract work with ACI Technologies, a company located near Philadelphia, Pennsylvania. The contract terminated a few weeks early because of security clearance issues related to this case, but Mr. Wedderburn has been informed that he will be contacted for additional contracts once his security clearance issues are handled. Since ending his contract with ACI, Mr. Wedderburn returned to live with his family in the Baltimore area.

Additionally, as of sentencing, Mr. Wedderburn will be forty years old. At forty, he poses a significantly reduced risk for recidivism, especially considering his lack of a prior criminal record. "[A]ccording to a United States Sentencing Commission report released in May 2004, 'Recidivism rates decline consistently as age increases. Generally, the younger the offender, the more likely the offender recidivates.'" *Nellum*, No. 2:04-CR-30-PS at *3 (quoting U.S.S.C., *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, at 12, http://www.ussc.gov/Research/Research_Publica-

tons/Recidivism/200405_Recidivism_Criminal_History.pdf). Further, Mr. Wedderburn is not a violent offender.

Finally, a sentence of probation is necessary to avoid unwarranted disparity among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). Defendants in two related cases have already been sentenced for their offenses: Xiang Li[2] and Wronald Best. Wronald Best, who pled guilty to conspiracy to commit copyright infringement for purchasing $2.3 million worth of software was sentenced to twelve months and one day of imprisonment for his offense.

The software that Mr. Wedderburn purchased from Mr. Li has an approximate value of $1 million, and brings his total offense level to 21, with a sentencing guideline range of 37-46. Given the sentences already handed down, combined with Mr. Wedderburn's cooperation, which is discussed below, a probationary sentence is more than appropriate and fairly reflects Mr. Wedderburn's conduct as compared to that of Defendants in the related cases.

**B.    Downward Departure Should Be Given Under 5K1.1 for Substantial Assistance:**

While not minimizing Mr. Wedderburn's conduct, for which he accepts responsibility, there are sufficiently compelling reasons for imposition of a sentence that deviates from the guideline range. In this case, Mr. Wedderburn anticipates that the Government will request a departure under §5K1.1 of the Sentencing Guidelines based on the fact that he has been forthcoming and cooperative with the Government, and has provided substantial assistance.

---

[2] Xiang Li sold pirated software to at least 325 customers, including Mr. Wedderburn. The software was worth over $100 million.

Under U.S.S.G. §5K1.1 of the Guidelines, when the defendant has offered substantial assistance to the Government, the Court may depart below the Guidelines when fashioning a sentence.  In determining the significance of the downward departure, the Court shall examine (1) the significance and usefulness of the defendant's assistance, (2) the truthfulness, completeness, and reliability of information provided by the defendant, (3) the nature and extent of the defendant's assistance, (4) any injury, danger, or risk to the defendant or his family that results from his assistance, and (5)the timeliness of the defendant's assistance.

Each of the factors listed above weighs in Mr. Wedderburn's favor.  Mr. Wedderburn fully disclosed all his actions to the Government and he provided valuable information and assistance to law enforcement relating to copyright crimes and pirated software.  He was provided substantial assistance in a timely manner and worked at the direction of Government agents.  Therefore, a departure is warranted under 5K1.1

**III.     CONCLUSION:**

For the reasons set forth above, it is respectfully submitted that the Defendant, Cosburn Wedderburn, should be sentenced to a term of probation which would be sufficient to satisfy the purposes of sentencing and § 3553(a).

                                      **BOYLE LITIGATION**

                                       /s/  *Dennis E. Boyle*
                                      **Dennis E. Boyle, Esquire**
                                      Supreme Court I.D. No. 49618
                                      4660 Trindle Road, Suite 102
                                      Camp Hill, PA  17011
                                      Phone:  (717) 737-2430
                                      Fax:  (717) 737-2452
                                      Email:  deboyle@boylelitigation.com

Dated:  August 26, 2013

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the date listed below I electronically filed the foregoing with the Court using the CM/ECF system, which sent notification of such filing to the following person(s) at the following email address(es):

  David L. Hall, Esquire
  david.l.hall@usdoj.gov

                            /s/ *Penny A. Rogers*
                            Penny A. Rogers, Senior Paralegal

Dated: August 26, 2013