IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COSBURN WEDDERBURN, | : | |
| Petitioner, | : | |
| v. | : | Crim. A. No. 12-17-LPS |
| UNITED STATES OF AMERICA, | : | |
| Respondents. | : | |

**MEMORANDUM**

**I.    BACKGROUND**

Movant Cosburn Wedderburn has filed four motions in this Court: (1) a Motion to Reduce Loss Value (D.I. 32; D.I. 40); (2) a Motion for an Extension of Time to File a Motion to Vacate (D.I. 37); (3) a Motion to Vacate Judgment (D.I. 38); and a Motion for a Hearing on the Motion to Reduce Loss Value and the Motion for an Extension of Time (D.I. 41). The Government filed a Response in Opposition to Movant's Motion to Reduce Loss Value (D.I. 34), to which Movant filed a Reply (D.I. 40). The Government filed a Response to Movant's Motion for Hearing (D.I. 43). For the reasons set forth below, the Court will deny all of Movant's pending Motions.

**II.    DISCUSSION**

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). In his Motion to Reduce Loss Value, Movant contends that the final loss value determined by the Court should be reduced to $0 because there is no proof that the retail loss in this case amounted to $1.2 million. (D.I. 32 at 2) Reading the Motion to Reduce

Loss Value (D.I. 32) in conjunction with Movant's Reply (D.I. 40) to the Government's Response, the Court liberally construes the Motion to Reduce Loss Value as a combined Motion to Correct Record Pursuant to Federal Rule of Criminal Procedure 36 and a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (hereinafter referred to as "Rule 36 Motion to Correct Record/Reduce Loss Value" and "§ 2255 Motion").

In his Motion to Vacate Judgment, Movant contends that his conviction was the result of selective prosecution and ineffective assistance of counsel. (D.I. 38) He contends he has newly discovered evidence of the selective prosecution, and cites Federal Rule of Criminal Procedure 33(a) and (b)(1) as authority for his claim. (D.I. 38 at 1) Given the nature of Movant's arguments, the Court construes the Motion to Vacate Judgment as filed pursuant to both Rule 33 and 28 U.S.C.

§ 2255 (hereinafter referred to as "Rule 33 Motion to Vacate" and "§ 2255 Motion").

### A. Rule 36 Motion to Correct Record/Reduce Loss Value

Pursuant to Federal Rule of Criminal Procedure 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. A "clerical error involves a failure to accurately record a statement or action by the court or one of the parties,"[1] and "must not be one of judgment or even misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987).

In his Rule 36 Motion to Correct Record/Reduce Loss Value (D.I. 32), Movant argues

---

[1] *United States v. Bennett*, 423 F.3d 271, 277-78 (3d Cir. 2005).

that the value of the "recorded loss and or recorded damages to the vendors in this case [should be reduced] from $1.2 million to zero monetary value," because the record correctly indicates that he did not profit from the software and that he did not resell or distribute the pirated software. (D.I. 32 at 2) This alleged inconsistency between the record and determination of the loss value does not constitute a clerical or "mechanical" error. Rather, the alleged inconsistency constitutes a challenge to the legality of the sentence imposed for Movant's guilty plea, through which Movant attempts to bring about a substantive change to his conviction. Movant does not assert any other "clerical" error that needs to be corrected. Consequently, the Court will deny Movant's Rule 36 Motion to Correct Record/Reduce Loss Value because it does not present a proper basis for relief under Rule 36.

    **B.    Rule 33 Motion to Vacate and Motion for Extension of Time**

Movant filed a Motion to Vacate pursuant to Rule 33(a) and (b)(1) of the Federal Rules of Criminal Procedure (D.I. 38), and Motion for an Extension of Time to File his Motion to Vacate Filed Pursuant to Rule 45(b)(1)(B) of the Federal Rules of Criminal Procedure (D.I. 37). Under Rule 33(a), a court may vacate any judgment and grant a new trial "if the interests of justice so requires." Fed. R. Crim. P. 33(a). Under Rule 33(b)(1), a defendant may file a motion for a new trial based on newly discovered evidence "within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). A Rule 33 motion is limited to those situations where a trial has been held, and is not available when the defendant pled guilty. *See United States v. Miller*, 197 F.3d 644, 648 n. 3 (3d Cir. 1999); *United States v. Podsada*, 2006 WL 2403987, at *2 (D.N.J. Aug. 18, 2006).

The Court will deny as procedurally barred the Rule 33 Motion to Vacate because Movant

pled guilty. (D.I. 38) As a result, the Court will deny as moot Movant's Rule 45(b) Motion for an Extension of Time to file his Rule 33 Motion. (D.I. 37)

C.     **Section 2255 Motions to Vacate Judgment**

A district court may summarily dismiss a motion to vacate sentence under 28 U.S.C. § 2255 if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." See Rule 4(b), 28 U.S.C. foll. § 2255. A federal district court only has subject matter jurisdiction over a § 2255 motion if the prisoner filed the motion while he was in custody under the sentence being challenged. See 28 U.S.C. § 2255(a); *Diarrassouba v. United States*, 2014 WL 546341, at *2-3 (D.N.J. Feb. 10, 2014). A federal prisoner is "in custody" during the period of actual physical incarceration and during any period of supervised release to which he is sentenced. See, e.g., *United States v. Baird*, 312 F. App'x 449, 450 (3d Cir. 2008). However, a federal prisoner is not "in custody" for § 2255 purposes once his/her sentence (including any term of supervised release) has fully expired. See *Maleng v. Cook*, 490 U.S. 488, 492-93 (1989) (dealing with "in custody" issue in context of § 2254 petition); *Diarrassouba*, 2014 WL 546341, at *3 (stating that *Maleng*'s holding applies to § 2255 motions).

Movant completed his one-year probationary sentence (D.I. 25; D.I. 30 at 23) on or about September 4, 2014. (D.I. 32 at 1) He filed his first § 2255 Motion on April 29, 2016 (D.I. 32), and his second § 2255 Motion to Vacate on May 24, 2016 (D.I. 38). Since both of these § 2255 Motions were filed after Movant's sentence was completely discharged, Movant cannot satisfy the "in custody" requirement of § 2255. Thus, the Court will summarily dismiss the two § 2255 Motions for lack of subject matter jurisdiction.

### D. Motion for Hearing

Finally, Movant filed a Motion for a Hearing on his Rule 36 Motion to Correct Record/Reduce Loss Value and § 2255 Motion (D.I. 32) and on his Motion for an Extension of Time to File a Motion to Vacate (D.I. 37). (D.I. 41) As set forth above, the Court has concluded that it must deny Movant's Rule 36 Motion to Correct Record/Reduce Loss Value and § 2255 Motion due to Movant's failure to assert a proper basis for relief under Rule 36 and for lack of subject matter jurisdiction under § 2255. The Court has also concluded that it must dismiss as moot Movant's Motion for an Extension of Time to File Motion to Vacate. (D.I. 37) Given these circumstances, the Court will dismiss as moot Movant's Motion for a Hearing. (D.I. 41)

### III. CONCLUSION

For the aforementioned reasons, the Court will deny Movant's Rule 36 Motion to Correct Record/Reduce Loss Value (D.I. 32), summarily dismiss his § 2255 Motions (D.I. 32; D.I. 38), and dismiss as moot his Motion for an Extension of Time to file his Motion to Vacate (D.I. 37) and his Motion for a Hearing (D.I. 41). With respect to his § 2255 Motions, the Court will also decline to issue a certificate of appealability because Movant has failed to make a "substantial showing of the denial of a constitutional right." *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (certificate of appealability warranted when movant "demonstrate[s] that reasonable jurists would find the district court's assessment of theconstitutional claims debatable or wrong"). A separate Order will be entered.

October 24, 2016
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE